IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **Arturo Salinas,** )  | | |
| Plaintiff )  | | |
| ) | | |
| v. ) | | Civil Action No.  5:13-CV-00745 FB |
| ) | | |
| **J.R., Inc. and Jesse Rodriguez,** ) | | |
| Defendants ) | | |

### Defendants J.R., Inc. and Jesse Rodriguez' Motion to Dismiss for Lack of Subject Matter Jurisdiction

Now comes J.R., Inc. and Jesse Rodriguez, Defendants in the above styled and numbered action, and file this Motion to Dismiss all claims and causes of action asserted by Plaintiff, Arturo Salinas, for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and in support thereof would respectfully show unto the Court as follows:

### I. Factual and Procedural History

On June 18, 2013, Plaintiff began working for Defendant J.R., Inc. as a fulltime employee at the hourly rate of $10.00 per hour.  Unfortunately, Defendant J.R., Inc. was forced to terminate Plaintiff's employment as a result of a downturn in business.  Plaintiff's last day of employment with the company was April 2, 2013.

Approximately four and one-half months following Plaintiff's termination of employment, Plaintiff filed the instant suit on August 18, 2013 against J.R., Inc., as well as the company's owner, Jesse Rodriguez (collectively referred to as "Defendants").  Plaintiff's complaint is brought pursuant to the Fair Labor Standard Act, as amended, 29 U.S.C. §216(b).  In his complaint, Plaintiff asserts that "[d]uring one or more weeks of

Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours (overtime hours)." However, "[d]uring one or more weeks . . . wherein Plaintiff worked overtime hours, Defendants failed to pay Plaintiff one and one and one-half times his regular rate of pay for each overtime hour worked." Plaintiff's complaint makes no reference to the specific number of overtime hours for which Plaintiff was not paid one and one-half times his hourly rate, nor does Plaintiff state the amount of unpaid compensation which he is seeking to recover in this action. In addition, Plaintiff's complaint is limited to his individual claims, and he has not alleged an opt-in collective action or class action.

On September 12, 2013, Defendants filed their Answer to Plaintiff's Complaint. In answering the complaint, Defendants admitted that "…during one or more weeks in which Plaintiff worked in excess of forty (40) hours, Defendant J.R., Inc. paid Plaintiff his hourly rate of $10.00 per hour for the excess (overtime) hours but did not compensate Plaintiff for the additional "half rate" ($5.00 per overtime hour)."[1] Defendants further admitted that "…Plaintiff is entitled to actual and compensatory damages as provided by the FLSA[,]" as well as payment of Plaintiff's "…incurred costs, as provided by the FLSA, including reasonable and necessary attorney's fees."

On September 12, 2013, in addition to filing their Answer, Defendants made an Offer of Judgment to Plaintiff, via certified mail, return receipt request, pursuant to Rule 68 of the Federal Rules of Civil Procedure. A copy of the Offer of Judgment, together

---

[1] Specifically, Defendants admitted that Plaintiff was not compensated the additional "half-rate" ($5.00/hr) for approximately fifty-seven (57) hours of overtime work.

2

with the green card evidencing receipt by Plaintiff's counsel, is attached hereto and incorporated by reference as Exhibit "1".

The Offer of Judgment provided Plaintiff with 15 days to accept from the date of Plaintiff's counsel's receipt of same.  Further, the Offer of Judgment included payment of the following (in addition to a judgment in Plaintiff's favor, ¶ 5 below):

1. Defendants will pay to Plaintiff the total amount of unpaid overtime compensation made the basis of Plaintiff's Complaint (Plaintiff's time cards shall be used to calculate the amount of overtime hours for which Plaintiff was not compensated in accordance with the FLSA; we will provide your office with complete and accurate copies of Plaintiff's time cards);

2. Defendants will pay to Plaintiff an additional, equal amount (calculated in the above paragraph #1) as liquidated damages;

3. Defendants will pay to Plaintiff the total amount of reasonable and necessary attorney's fees as determined by the Court;

4. Defendants will pay to Plaintiff all court costs incurred by Plaintiff in connection with this suit; and

5. Defendants will agree to the entering of a judgment in favor of Plaintiff and against Defendants in which the Court finds a violation(s) of the FLSA and a corresponding award of the above referenced monetary damages (numbers 1-4 above).

Plaintiff chose not to accept the Offer of Judgment.  Accordingly, the Offer of Judgment expired.

## II. Argument and Applicable Law

### A. FLSA §216(b)

Title 29 USC §216(b) provides, in relevant part:

> **(b) Damages; right of action; attorney's fees and costs; termination of right of action**
> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as

>liquidated damages. . . .The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

**B. Mootness**

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move to dismiss a claim on the ground that the court lacks subject matter jurisdiction. Under Article III of the U.S. Constitution, a federal court may adjudicate only "cases" or "controversies." U.S. Const. art. III, § 2; *see Warth v. Seldin*, 422 U.S. 490, 498-99 (1975). "Such a case or controversy must exist throughout the litigation; in other words, the case cannot be moot." *Samnorwood Indep. Sch. Dist. v. Tex. Educ. Agency*, 533 F.3d 258, 264 (5th Cir. 2008). Thus, "[i]f a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 525 (5th Cir. 2008). A case becomes moot when "'there are no longer adverse parties with sufficient legal interests to maintain the litigation' or 'when the parties lack a legally cognizable interest in the outcome' of the litigation." Id. at 527 (quoting Scruggs v. Lowman (In re Scruggs), 392 F.3d 124,128 (5th Cir. 2004) (per curiam)).

In this action, Defendants' Offer of Judgment provided to Plaintiff the full relief to which he would be entitled to if he were to prevail on the merits of his claims. Therefore, the Offer of Judgment renders moot Plaintiff's claims under the FLSA. Accordingly, the Court no longer has subject matter jurisdiction since there is no longer a case or controversy. *See Rollins v. Systems Integration, Inc.*, No. 4:05-CV-408, 2006 WL 3486781 (N.D. Tex. Dec. 4, 2006) at 2, 4-10; *Sandoz v. Cingular Wireless LLC*, 553

F.3d 913 (5th Cir. 2008) at 921 ("Conversely, if the court denies the certification motion, then Sandoz still represents only herself, and Cingular's Rule 68 offer of judgment rendered the case moot.")

## III. Conclusion

For the reasons set forth above, this action no longer represents a live case or controversy since Defendants offered a judgment for all relief which Plaintiff could have recovered had he prevailed at trial. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(1) the complaint should be dismissed with prejudice as to all defendants on the basis of lack of subject matter jurisdiction.

Dated: October 21, 2013

Respectfully Submitted,

**DUNCAN, BRESSLER & LIU, INC.**
1020 NE Loop 410, Suite 500
San Antonio, TX 78209-1224
Telephone No. 210.224.0781
Telecopier No. 210.224.6958

By: *Thomas M. Kocurek, Jr.* (signature)
Thomas M. Kocurek, Jr.
Texas Bar No. 24027421
email: tkocurek@duncanlaw.com

ATTORNEYS FOR DEFENDANTS
J.R., INC. AND JESSE RODRIGUEZ

## Certificate of Electronic Filing and Service

I HEREBY CERTIFY that on this 21st day of October, 2013, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/EFC system which will send notification of such filing to Charles L. Scalise and Daniel B. Ross, Ross Law Group, 1104 San Antonio Street, Austin, Texas 78701, Attorneys for Plaintiff Arturo Salinas. In addition, a copy of Defendants' Motion to Dismiss was sent via certified mail, return receipt requested, to the following counsel of record:

Charles L. Scalise
Ross Law Group
1104 San Antonio Street
Austin, Texas 78701

*Thomas M. Kocurek, Jr.*
Thomas M. Kocurek, Jr.